Dailey v. Dailey.

DAILEY, *Appellant*, v. DAILEY.

Division One, November 26, 1894.

1. **Resulting Trust**: WEIGHT OF EVIDENCE: REVIEW ON APPEAL. In a suit to establish a resulting, trust in land, alleged to have been bought by a son with the proceeds of other land, received by him as agent for his móther, the issue turned on the credibility of the several witnesses; *held*, that on such an issue the supreme court will not reverse the finding of the trial judge upon the facts, unless well satisfied that the preponderance of evidence is against that finding.

2. ———: EVIDENCE. To follow money into land and impress the latter with a trust, the money must be distinctly traced and clearly proved to have been invested in the land.

3. ———: ———. To establish a resulting trust in land, the proof of the trust must be clear and satisfactory to the court.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

. *Porterfield & Pence* for appellant.

(1) The evidence fully establishes a resulting trust in the premises in favor of the plaintiff, in the proportion in which she paid the purchase money, and the finding of. the court should have been for the plaintiff. *Bowen v. McKean*, 82 Mo. 594; *Shaw v. Shaw*, 86 Mo. 594; *Thompson v. Renoe*, 12 Mo. 157; *Kelley v. Johnson*, 28 Mo. 249; *Baumgartner v. Guessfeld*, 38 Mo. 36; *Harrison v. Smith*, 83 Mo. 210; *Hall v. Hall*, 107 Mo. 101. (2) The finding of the court for the defendant was not only opposed to the clear weight of the evidence but was unsupported by any substantial and satisfactory proof. (3) The court erred in admitting evidence offered by defendant of payment of the money received

by him from the sale of the farm and also evidence of defendant's contributions to the support of the family, for the reason that the same was inadmissible under the general denial and in order to be proved should have been specially pleaded.   Payment is an affirmative defense and must be pleaded and established by the defendant and is inadmissible under a general denial. Bliss on Code Pl. [2 Ed.], sec. 357; *Wilkinson v. Farnham*, 82 Mo. 672; *Lerche v. Brasher*, 104 N. Y. 157; *Wolf v. Noll*, 62 Ala. 24; *Clark v. Mullen*, 16 Neb. 481; *Savage v. Aiken*, 21 Neb. 605; *Tootle v. Mahan*, 21 Neb. 617.

*Jones & Jones* for respondent.

(1) Clear evidence is necessary to trace the fund of the mother in order to establish a resulting trust. *Phillips v. Overfield*, 100 Mo. 424; *Shaw v. Shaw*, 86 Mo. 598; *Taylor v. Von Schraeder*, 107 Mo. 226.   (2) The son's fiduciary capacity had expired, he was only a special agent for the sale of the Holt county farm. *Phillips v. Overfield, supra*.   (3) Judgments rendered must stand on the issues raised by the pleadings, and if there was no agreement made between the mother and son, no judgment could be rendered against the son, even though he used her money.   (4) The finding of the court is not against the weight of the evidence.

BARCLAY, J.—This is a suit brought by Mrs. Mary A. Dailey against her son, Mr. Andrew H. Dailey. The latter died after the judgment on the circuit.   His wife, Mrs. Maggie M. Dailey, as his legal representative, has been substituted as defendant.   She had been married to Andrew in 1889.

The petition charges that plaintiff owned a farm in Holt county, which she sold in November, 1885;

that Andrew, as her agent, received the proceeds of sale to the amount of about $700; that plaintiff and defendant, in March, 1886, purchased a piece of real estate (describing it) in Kansas City, Missouri, agreeing to pay $2,550 therefor; that Andrew, "at the request of plaintiff, paid said $700, belonging to plaintiff, as part of the purchase money for said property, and, at the request of plaintiff, took the deed therefor in his own name;" that plaintiff has ever since occupied the property as a residence; but that the title is in the name of Andrew, who refuses to recognize plaintiff's interest.

The prayer is that Andrew be declared trustee for plaintiff to the extent of her interest in the property, and that said interest be ascertained and set apart to her; and for general relief.

The answer denied the petition generally, except the allegations in regard to Andrew's claim of title to the property.

The cause came to trial before Judge HENRY, who, after hearing the evidence, found for defendant and dismissed the petition.

Plaintiff then appealed, after the usual steps.

The plaintiff's evidence was mostly furnished by members of her family.

The allegations as to her ownership of the Holt county farm, its sale, and the receipt of the proceeds by her son, Andrew, as her agent, were established. There was some discrepancy as to the exact, net, amount received by her son; but even he admitted that it was at least $450.

In March, 1886, the property in suit was bought, as all concede. It was bought in the son's name, and the notes for the deferred payments were executed by him alone.

At this point appears an unfortunate conflict of evidence.

Plaintiff claims (and her own testimony and that of several other witnesses tend to prove) that it was agreed between her and her son that the proceeds of the Holt county farm should go into the Kansas City property thus acquired, and that the title should stand in his name "for luck." This is the only reason given for the arrangement.

The son denied any such agreement; declared that he paid the purchase price from his own funds, that he had long since repaid the amount of the farm sale, and had, moreover, given his mother and others of the family various sums of money, from time to time.

He made (as all admit) the later payments on account of the purchase price.

He was a busy worker, earning from $50 to $125 per month, steadily, from the time he became of age, in 1872 or 1873, until the autumn of 1890, when his ability to work began to be seriously impaired by the illness which ultimately caused his death.

He had been likewise engaged in remunerative work for many years before he reached his majority.

But we shall not attempt to enter at large into the details of the evidence. The entire record has been considered; but it would elucidate no principle or rule of law to state the testimony of the several witnesses in full.

The decision turns upon the force and weight of the evidence touching the alleged agreement between plaintiff and the original defendant in regard to the purchase of the property in the name of the latter.

The defendant denied the agreement most emphatically. The plaintiff asserted it with equal earnestness.

In *Phillips v. Overfield* (1890), 100 Mo. 474, the

present learned chief justice, speaking for the whole court, said: "To follow money into land, and impress the land with a trust, the money must be distinctly traced and clearly proved to have been invested in the land."

It is familiar law that, to establish a resulting trust in land, by a decree in equity, the proof, to sustain the trust, must be clear and satisfactory to the court.

The plaintiff's own testimony of the agreement is corroborated in some respects by other witnesses; but they all have some direct or prospective interest in the subject of the litigation, or some close relationship to the plaintiff. The weight to be given to such testimony depends upon the credit due to each particular witness.

The final issue of the cause in reality depends entirely upon the credibility of the several persons who appeared and testified at the trial.

After having carefully considered all that is furnished by the present record, we are not prepared to say that the preponderance of the evidence is with the plaintiff.

The learned circuit judge, who has had a long and varied judicial experience, had the advantage of observing the various witnesses, face to face. He found for the defendant. He had far better opportunity for estimating the amount of credit to which each witness was justly entitled, than we enjoy, at this distance from the living realities of the trial court room.

Where the issue depends on the credit to be given to verbal evidence of verbal contracts, bearing upon recorded titles to land, we should be well satisfied that the preponderace of evidence is against the conclusion reached by the trial judge, before setting aside his finding on the facts.

In this instance we are not so satisfied, and accordingly affirm the judgment.  BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.